Corey E. Krueger, Esq. (SBN 244989)
ckrueger@tresslerllp.com
TRESSLER LLP
6100 Center Drive, Suite 1175
Los Angeles, California 90045
Telephone: (310) 203-4800
Fax: (323) 486-2704

Attorneys for Defendant, American Board of Orthopaedic Surgery

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARDAVAN ASLIE, M.D., | Case No. |
| Plaintiff, | **[Removal from Superior Court of California, County of Sacramento, case number 24CV003327]** |
| v. | |
| AMERICAN BOARD OF ORTHOPAEDIC SURGERY; and DOES 1 THROUGH 10, | **DEFENDANT AMERICAN BOARD OF ORTHOPAEDIC SURGERY'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332(a) and 1441(b); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF DAVID F. MARTIN, M.D.; DECLARATION OF COREY E. KRUEGER** |
| Defendants. | |
| | **DIVERSITY JURISDICTION** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant AMERICAN BOARD OF ORTHOPAEDIC SURGERY (hereinafter, "ABOS") hereby removes to this Court the State court action described below.

PLEASE TAKE FURTHER NOTICE that a Notice of Removal of Action to Federal Court, along with a true and correct copy of this Notice of Removal, is being served on counsel for plaintiff ARDAVAN ASLIE, M.D. (hereinafter, "plaintiff" or

"ASLIE") and filed concurrently with the clerk of the Superior Court of California in and for the County of Sacramento.

On February 23, 2024, plaintiff filed an action in the Superior Court of the State of California in and for the County of Sacramento entitled *Ardavan Aslie, M.D. v. American Board of Orthopaedic Surgery, et al.*, case number 24CV003327.  True and correct copies of the Summons and Complaint are attached hereto as Exhibit "A".

On March 25, 2024, the Summons and Complaint were served by certified mail upon ABOS at its office in the State of North Carolina.  *See* Declaration of David F. Martin ("Martin Decl."), ¶ 6.

This Notice of Removal is timely because it is filed within thirty (30) days of service of the Summons and Complaint upon defendant ABOS.  *See* 28 U.S.C. § 1446(b).

Based on the allegations in the Complaint, defendant is informed and believes that plaintiff was, at the time of the filing of this action, and is currently, a resident of the State of California, County of Sacramento.  *See* Exhibit "A", Complaint, ¶ 1.

Defendant ABOS was at the time of the allegations, was at the time of the filing of this action, and is currently, incorporated in the State of Delaware, with its principal place of business in the State of North Carolina.

Defendant is informed and believes that none of the purported Doe defendants have been served by plaintiff with the Summons, Complaint, and/or related documents.

The Summons and Complaint (Exhibit "A") constitutes all of the process, pleadings, and orders which defendant has knowledge of being filed in the State court action as of the preparation of this Notice of Removal.

This action is a civil action over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship), and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between the citizens of different States and the matter in

controversy exceeds the sum of $75,000, exclusive of interests and costs. The action may properly be removed to this Court by defendant pursuant to 28 U.S.C. § 1441(b) because:

   a. At the time of the actions alleged in the Complaint, at the time of the commencement of this action, and at all times since, defendant ABOS was, and continues to be, a corporation under the laws of the State of Delaware, with its principal place of business in the State of North Carolina. *See* Martin Decl., ¶ 3. Thus, defendant ABOS is not a citizen of the State of California.

   b. Defendant is informed and believes and thereon alleges that at the time of the commencement of this action, and at all times since, plaintiff was, and continues to be, a citizen of the State of California. *See* Exhibit "A", Complaint, ¶ 1.

   c. Although unidentified, fictitious "Doe" defendants are alleged in the Complaint, 28 U.S.C. § 1441(b)(1) provides, in pertinent part, that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

   d. For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a), the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000. The Complaint alleges causes of action for (1) Violation of the Common Law Right of Fair Procedure, and (2) Wrongful Denial of Certification. Plaintiff seeks recovery for "compensatory damages, including mental and emotional distress, and other special damages and general damages according to proof" (*see* Exhibit "A", Complaint, Prayer for Relief number 1), and punitive damages (*see* Exhibit "A", Complaint, Prayer for Relief number 3), in addition to other forms of relief. Specifically, the Complaint alleges that without ABOS certification,

plaintiff's "career will be over", he "will not be qualified to hold medical privileges at any hospital or institution in the country", and "he will not have the credentials required of a medical-legal expert" (*see* Exhibit "A", Complaint, ¶¶ 32, 33, 34).  It further alleges that without ABOS certification, plaintiff "will not be able to obtain future employment as a physician" (*see* Exhibit "A", Complaint, ¶ 39), and that plaintiff "is entitled to economic damages for his injury" (*see* Exhibit "A", Complaint, ¶ 40). Defendant alleges that even without consideration of plaintiff's purported punitive damages claim, the economic damages alleged by plaintiff in the form of a complete inability to earn income of any kind as a physician for the remainder of his career amount to far more than $75,000.  The claim for punitive damages adds still more to the amount in controversy.

e. The documents submitted herewith comply with the requirements of 28 U.S.C. § 1446.

For the reasons stated above, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Accordingly, this action is removable pursuant to 28 U.S.C. §§ 1141(b) and 1446.

DATED: April 22, 2024                                TRESSLER LLP



Corey E. Krueger
Attorneys for Defendant,
AMERICAN BOARD OF
ORTHPAEDIC SURGERY

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF NOTICE OF REMOVAL**

## I. INTRODUCTION

Plaintiff, ARDAVAN ASLIE, M.D., filed the instant action alleging two causes of action against defendant AMERICAN BOARD OF ORTHOPAEDIC SURGERY ("ABOS"): (1) Violation of the Common Law Right of Fair Procedure, and (2) Wrongful Denial of Certification. The ABOS, in order to improve quality of care and outcomes for patients, establishes and maintains high standards for competence and lifelong education of board-certified orthopaedic surgeons. Its mission is to ensure safe, ethical, and effective practice of orthopaedic surgery, and it does so through high standards for education, practice, and conduct. The ABOS ensures that those it certifies meets its standards through examination, certification, and maintenance of certification processes.

In the instant action, plaintiff alleges that ABOS wrongfully denied his re-certification application, and further alleges that this decision will effectively end his career as an orthopaedic surgeon, precluding him from earning income of any kind in the field of orthopaedic surgery. Broadly speaking, plaintiff alleges that because he is openly critical of pedicle screws (a type of hardware commonly used in orthopaedic surgery), the ABOS wrongfully denied him re-certification.

## II. DEFENDANT HAS TIMELY REMOVED THIS ACTION.

The Summons and Complaint were filed by plaintiff in the State court on February 23, 2024. The Summons and Complaint were served upon ABOS on March 25, 2024. *See* Declaration of David F. Martin, M.D. ("Martin Decl."), ¶ 6. Removal of an action is to occur "within 30 days after the receipt" of the Summons and Complaint. *See* 28 U.S.C. § 1446(b); *see also* Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 353-54 (1999).

In the instant matter, ABOS has removed the State court action within thirty days of service of the Summons and Complaint.

III. **THE STATE COURT ACTION MAY BE REMOVED BASED UPON DIVERSITY JURISDICTION.**

Federal law confers upon district courts original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. An action meeting the requirements of 28 U.S.C. § 1332 may be removed to a district court pursuant to 28 U.S.C. § 1441(b) and in conformity with 28 U.S.C. § 1446.

A. **Complete Diversity Exists Between Plaintiff and Defendant.**

For diversity purposes, a corporation is considered a "citizen" of both the State of its incorporation and the State in which it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is where the corporation's officers direct, control, and coordinate the entity's activities; it has been referred to as the company's "nerve center". *See* Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).

Both at the commencement of this action and at present, ABOS is and was incorporated in the State of Delaware and has its principal place of business in the State of North Carolina. *See* Martin Decl., ¶ 3. ABOS maintains no employees and no operations in the State of California. *See* Martin Decl., ¶ 4. It maintains its strategic decision-making capabilities at its corporate headquarters in the State of North Carolina. *See* Martin Decl., ¶ 5.

As discussed above, plaintiff's citizenship for diversity purposes is determined by his State of domicile. *See* Kantor v. Wellesley Galleries, Ltd., 704 F. 2d 1088, 1090 (9th Cir. 1983). Here, in the Complaint, plaintiff alleges that he is a resident of the State of California. *See* Exhibit "A", Complaint, ¶ 1. Accordingly, there is complete diversity of citizenship between plaintiff and defendant.

B. **The Amount in Controversy Exceeds $75,000.**

The Complaint alleges causes of action for (1) Violation of the Common Law Right of Fair Procedure, and (2) Wrongful Denial of Certification. Plaintiff seeks

recovery for "compensatory damages, including mental and emotional distress, and other special damages and general damages according to proof" (*see* Exhibit "A", Complaint, Prayer for Relief number 1), and punitive damages (*see* Exhibit "A", Complaint, Prayer for Relief number 3), in addition to other forms of relief. Specifically, the Complaint alleges that without ABOS certification, plaintiff's "career will be over", he "will not be qualified to hold medical privileges at any hospital or institution in the country", and "he will not have the credentials required of a medical-legal expert" (*see* Exhibit "A", Complaint, ¶¶ 32, 33, 34). It further alleges that without ABOS certification, plaintiff "will not be able to obtain future employment as a physician" (*see* Exhibit "A", Complaint, ¶ 39), and that plaintiff "is entitled to economic damages for his injury" (*see* Exhibit "A", Complaint, ¶ 40). Defendant alleges that even without consideration of plaintiff's purported punitive damages claim, the economic damages alleged by plaintiff in the form of a complete inability to earn income of any kind as a physician for the remainder of his career amount to far more than $75,000. The claim for punitive damages adds still more to the amount in controversy.

For plaintiff to challenge the proposition that the amount in controversy in this matter exceeds $75,000, he would have to allege that his earnings as a physician *in total for the remainder of his career* would amount to less than $75,000, and by a large enough margin that adding punitive damages would not cause the amount in controversy to exceed $75,000. Plaintiff cannot credibly allege any such thing.

///
///
///
///
///
///
///

7
**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332(a) and 1441(b)**

## IV. CONCLUSION

Based on the foregoing, defendant ABOS submits that plaintiff's California State court action is properly removable to this District Court.

DATED: April 22, 2024                    TRESSLER LLP

_____
Corey E. Krueger
Attorneys for Defendant,
AMERICAN BOARD OF
ORTHPAEDIC SURGERY

## DECLARATION OF DAVID F. MARTIN, M.D.

I, David F. Martin, M.D., declare and state as follows:

1. I am the Executive Director of the AMERICAN BOARD OF ORTHOPAEDIC SURGERY ("ABOS"). I have personal, first-hand knowledge of the facts and circumstances set forth in this declaration, and if called upon to testify to those facts, I could and would do so competently.

2. I have worked as the Executive Director of ABOS for approximately eight (8) years. As the Executive Director, my job duties include promoting activities that support the policy, purpose, and mission of ABOS; communication with candidates; communication with the American Board of Medical Specialties and its other member boards; and communication with the general public. As the Executive Director, I have access to personnel files and payroll records via which I can ascertain where ABOS employees work and where ABOS business activities are carried out. I am based out of ABOS' headquarters located at 400 Silver Cedar Court, Chapel Hill, North Carolina 27514.

3. ABOS was incorporated in the State of Delaware on or about February 8, 1934. As noted above, its headquarters is located at 400 Silver Cedar Court, Chapel Hill, North Carolina 27514.

4. ABOS employs zero (0) employees in the State of California. There are numerous physicians who live and practice in the State of California who hold Board Certification from ABOS, but none are ABOS employees, and none are involved with ABOS business other than to hold Board Certification from ABOS.

5. ABOS's primary operations and strategic decision-making capabilities originate from its corporate headquarters in Chapel Hill, North Carolina. Relevant to this matter, ABOS holds most oral examination proceedings (including the one at issue in this matter) in Chicago, Illinois.

///

///

6. On March 25, 2024, the Summons and Complaint filed by plaintiff were served by certified mail upon ABOS at its office in the State of North Carolina.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 4/19/24

David F. Martin, M.D.
Executive Director
American Board of Orthopaedic Surgery

**DECLARATION OF COREY E. KRUEGER**

I, Corey E. Krueger, declare and state as follows:

1. I am an attorney at law duly licensed to practice law before all courts of the State of California and this Court. I am a Partner with the law firm Tressler LLP, counsel of record herein for defendant AMERICAN BOARD OF ORTHOPAEDIC SURGERY ("ABOS"). As the primary handling attorney for this matter, I have personal knowledge of the facts stated herein, and if called upon to testify to them, I could and would do so competently.

2. On February 23, 2024, plaintiff filed an action in the Superior Court of the State of California in and for the County of Sacramento entitled *Ardavan Aslie, M.D. v. American Board of Orthopaedic Surgery, et al.*, case number 24CV003327. True and correct copies of the Summons and Complaint are attached hereto as Exhibit "A".

3. On March 25, 2024, the Summons and Complaint were served by certified mail upon ABOS at its office in the State of North Carolina. *See* Declaration of David F. Martin, M.D., ¶ 6.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 22, 2023

_____
Corey E. Krueger

# CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2024, a copy of foregoing **DEFENDANT AMERICAN BOARD OF ORTHOPAEDIC SURGERY'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332(a) and 1441(b); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF DAVID F. MARTIN, M.D.; DECLARATION OF COREY E. KRUEGER** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: April 23, 2024                    TRESSLER LLP

                                                By:   */s/ Corey E. Krueger*
                                                      Corey E. Krueger