Corey E. Krueger, Esq. (SBN 244989)
ckrueger@tresslerllp.com
TRESSLER LLP
6100 Center Drive, Suite 1175
Los Angeles, California 90045
Telephone: (310) 203-4800
Fax: (323) 486-2704

Attorneys for Defendant, American Board of Orthopaedic Surgery

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARDAVAN ASLIE, M.D.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN BOARD OF ORTHOPAEDIC SURGERY; and DOES 1 THROUGH 10,<br><br>　　　　Defendants. | Case No. 2:24-cv-01181-AC<br><br>**DEFENDANT AMERICAN BOARD OF ORTHOPAEDIC SURGERY'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (FED. R. CIV. P. 12(b)(2)), OR IN THE ALTERNATIVE TO DISMISS FOR IMPROPER VENUE (FED. R. CIV. P. 12(b)(3)), OR IN THE ALTERNATIVE, TO TRANSFER VENUE (28 U.S.C. §§ 1391(b)(2) and 1406(a)); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID F. MARTIN, M.D.; DECLARATION OF COREY E. KRUEGER; EXHIBITS**<br><br>Hearing Date:　June 5, 2024<br>Hearing Time:　10:00 a.m.<br>Courtroom:　　26<br>Judicial Officer:　Hon. Allison Claire |

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

　　PLEASE TAKE NOTICE that on June 5, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, located at 501 I Street, Sacramento, California 95814, defendant AMERICAN BOARD OF

ORTHOPAEDIC SURGERY ("ABOS") will and hereby does move this Court for an order dismissing this action for lack of personal jurisdiction (Fed. R. Civ. P. 12(b)(2)), or in the alternative, dismissing this action for improper venue (Fed. R. Civ. P. 12(b)(3)), or in the alternative, transferring venue to the United States District Court for the Northern District of Illinois (28 U.S.C. §§ 1391(b)(2) and 1406(a)).

Prior to filing this motion, counsel for defendant met and conferred with plaintiff's counsel. On April 16, 2024, counsel for defendant sent e-mail correspondence to plaintiff's counsel regarding the lack of personal jurisdiction and improper venue, asking if counsel would stipulate to a change in venue in light of those issues. See Declaration of Corey E. Krueger ("Krueger Decl."), ¶ 2; Exhibit "A". On April 19, 2024, counsel for plaintiff responded via e-mail, stating without discussion that he would not stipulate as requested. See Krueger Decl., ¶ 3; Exhibit "B". Accordingly, the parties were unable to reach a resolution of the issues raised by the instant motion.

The instant motion is brought on the following grounds:

1. The Court lacks personal jurisdiction over defendant ABOS. Fed. R. Civ. P. 12(b)(2). ABOS is not subject to general jurisdiction in California, because it is not incorporated in California, and its principal place of business is outside of California. Furthermore, this Court lacks specific jurisdiction over ABOS, because defendant has not purposefully directed its activities to the State of California. All alleged acts or omissions giving rise to this matter occurred outside the State of California. Thus, this action does not arise out of or relate to any contacts between defendant ABOS and the State of California. Finally, it would be unreasonable and offend the traditional notions of fair play and substantial justice to exercise personal jurisdiction over ABOS in this judicial district because the parties and witnesses which are the subject of the dispute are predominantly located outside California, among other reasons.

///

2. If the Court does not dismiss the action due to lack of personal jurisdiction, defendant moves the Court for an order dismissing the action due to improper venue. <u>Fed. R. Civ. P.</u> 12(b)(3). Venue is not proper in the Eastern District of California, because defendant ABOS does not "reside" in this District, nor in any other District within California. 28 U.S.C. § 1391(b)(1). Furthermore, none of the events or omissions giving rise to the instant action occurred in this District. 28 U.S.C. § 1391(b)(2). Finally, as discussed above, ABOS is not subject to personal jurisdiction in this District, and thus venue cannot be proper in this District. 28 U.S.C. § 1391(b)(3).

3. If the Court does not dismiss the action due to either lack of personal jurisdiction or improper venue, defendant moves the Court for an order transferring venue to the Northern District of Illinois (Eastern Division – Chicago, Illinois). 28 U.S.C. §§ 1391(b)(2) and 1406(a). Venue would be proper in the Northern District of Illinois, because a substantial part of the events or omissions giving rise to the instant action occurred in that District, in Chicago, Illinois. 28 U.S.C. § 1391(b)(2).

This motion is based upon (1) this Notice; (2) the attached Memorandum of Points and Authorities; (3) the attached Declaration of David F. Martin, M.D.; (4) the attached Declaration of Corey E. Krueger and its exhibits; (5) plaintiff's California State Court Complaint filed in the Superior Court of California, County of Sacramento, case number 24CV003327, on file with this court as Exhibit "A" to defendant's Notice of Removal (Document 1); (6) on the papers and pleadings on file herein; and (7) on such oral argument as may be presented at the hearing of this motion.

///
///
///
///
///

3

**MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE**

1  To the extent deemed necessary by the Court, defendant AMERICAN BOARD
2  OF ORTHOPAEDIC SURGERY requests oral argument in connection with the
3  instant motion.

5  DATED: April 29, 2024                    TRESSLER LLP

                                            _____
                                            Corey E. Krueger
                                            Attorneys for Defendant,
                                            AMERICAN BOARD OF
                                            ORTHPAEDIC SURGERY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff ARDAVAN ASLIE, M.D., a physician specializing in orthopaedic surgery who resides in Sacramento County, California, brought this action against defendant AMERICAN BOARD OF ORTHOPAEDIC SURGERY ("ABOS"), a corporate entity which is organized under the laws of the State of Delaware and which maintains its principal place of business in the State of North Carolina. *See* Declaration of David F. Martin, M.D. ("Martin Decl."), ¶¶ 2-3. The California State court Complaint filed by plaintiff alleges two causes of action: (1) Violation of the Common Law Right of Fair Procedure, and (2) Wrongful Denial of Certification. As even plaintiff's Complaint concedes, the facts and circumstances from which this matter arise occurred principally in Chicago, Illinois. *See* plaintiff's Complaint, Document 1, Exhibit "A" thereto, ¶ 18; *see also* Martin Decl., ¶ 18.

ABOS is not subject to personal jurisdiction in the State of California. Likewise, none of the facts out of which this action arises occurred in the State of California. Defendant ABOS seeks dismissal of the action for lack of personal jurisdiction (Fed. R. Civ. P. 12(b)(2)), or in the alternative, dismissal of the action for improper venue (Fed. R. Civ. P. 12(b)(3)), or in the alternative, transfer of the action to the United States District Court for the Northern District of Illinois (Eastern Division – Chicago, Illinois), where venue would be proper. 28 U.S.C. §§ 1391(b)(2) and 1406(a).

## II. THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.

"[T]hose who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter." J. McIntyre, Ltd. v. Nicastro, 564 U.S. 873, 881 (2011) (plurality opn.). As established by the attached Declaration of David F. Martin, M.D., ABOS is not incorporated in the State of California and has no operations in the State of California. *See* Martin Decl., ¶¶ 2-4.

Maintaining an action against defendant ABOS in the State of California would offend due process. This action should be dismissed for lack of personal jurisdiction. Pursuant to Fed. R. Civ. P. 12(b)(2), the Court is authorized to dismiss an action for lack of personal jurisdiction even if the matter is before the Court after removal by the defendant. Dielsi v. Falk, 916 F. Supp. 985, 994 (C.D. Cal. 1996).

Personal jurisdiction in California is governed by California Code of Civil Procedure § 410.10, which states, "A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Under such a long arm statute, jurisdiction is proper only where it does not offend the Due Process Clause of the Fourteenth Amendment. *See, e.g.*, International Shoe Co. v. State of Wash., 326 U.S. 310, 313-17 (1945). To satisfy due process, the plaintiff must establish that the defendant is subject to either "general" jurisdiction or "specific" jurisdiction. Daimler AG v. Bauman, 571 U.S. 117, 121-22 (2014). The burden of establishing personal jurisdiction falls upon plaintiff. American Tel. & Tel. Co. v. Compagnie Bruxelles Lambert, 94 F. 3d 586, 588 (9th Cir. 1996).

### A. The Court Should Summarily Dismiss, Because The Complaint Fails To Allege Any Sufficient Contacts Between ABOS And California.

To establish that a State has jurisdiction over a defendant, the plaintiff must, at a minimum, make a *prima facie* showing of jurisdictional facts. *See, e.g.*, Mavrix Photo, Inc. v. Brand Technologies, 647 F. 3d 1218, 1223 (9th Cir. 2011). Although uncontroverted allegations in the Complaint may be taken as true, such allegations will not be assumed true if they are contradicted by declaration or affidavit. *See* Id.; Taylor v. Portland Paramount Corp., 383 F. 2d 634, 639 (9th Cir. 1967).

Here, the Complaint does not attempt to meaningfully allege contacts between defendant ABOS and the State of California. The Complaint makes broad legal contentions regarding assertion of jurisdiction by California State courts, but it makes no meaningful allegations of contacts between ABOS and California. Indeed, the Complaint concedes that ABOS' principal place of business is in the State of North

Carolina. *See* plaintiff's Complaint, Document 1, Exhibit "A" thereto, ¶ 5. Plaintiff's sole effort to attempt to establish jurisdiction is to contend that the alleged wrongdoing "impacts Plaintiff in his place of business." *See* plaintiff's Complaint, Document 1, Exhibit "A" thereto, ¶ 5. However, this is not an allegation of contacts between *defendant* and the State of California, and it therefore has no bearing on jurisdiction over ABOS.

The Declaration of David F. Martin, M.D. establishes that ABOS is not organized under the laws of the State of California, and it does not maintain its principal place of business (or *any* operations) in the State of California. *See* Martin Decl., ¶¶ 2-4. This, combined with the complete absence of alleged contacts between ABOS and the State of California, supports outright dismissal of the instant action for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2).

**B.     California Courts Do Not Have "General Jurisdiction" Over ABOS Because ABOS Is Not "At Home" In California.**

This Court does not have "general" jurisdiction over ABOS. A court may assert general jurisdiction over a corporation to hear any and all claims against it, even those unrelated to that corporation's activities within the forum State, when the corporation's affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919, 925 (2011). For a corporation, "the paradigm forum for the exercise of general jurisdiction" is an "equivalent place" to an "individual's domicile". Id. At 924. This location consists of a corporation's State of incorporation and State where the principal place of business is located. Id.; Daimler AG, 571 U.S. at 137-38. Indeed, "*Goodyear* made clear that only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." Id. at 137.

Defendant ABOS is not incorporated in California, and it does not maintain its principal place of business (or *any* place of business) in California. *See* Martin Decl., ¶¶ 2-4. Indeed, ABOS is not even registered with the State of California for purposes

of doing business within the State. *See* Declaration of Corey E. Krueger ("Krueger Decl."), ¶ 4.

Plaintiff makes no meaningful effort to allege contact between ABOS and the State of California. Furthermore, the Declaration of David F. Martin, M.D. establishes that there are no such contacts. The Due Process clause is violated where a defendant with no California contacts is forced to defend an action in California. General jurisdiction cannot be maintained in California as to ABOS.

### C. California Courts Do Not Have "Specific Jurisdiction" Over ABOS.

In contrast to general jurisdiction, which "permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit (e.g., domicile)," specific jurisdiction "depends on *an affiliation between the forum and the underlying controversy*." Walden v. Fiore, 571 U.S. 277, 283, fn. 6 (2014) (*quoting* Goodyear, 564 U.S. at 919) (emphasis added). The required affiliation between the forum and the underlying controversy typically involves an "activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." Goodyear, 564 U.S. at 919. "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" Walden, 571 U.S. at 283-284 (*quoting* Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775 (1984)).

The Ninth Circuit applies a three-part test to determine whether the exercise of specific jurisdiction over a nonresident defendant is appropriate:

> "(1)   The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws;
> (2)   the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3)   the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

Boschetto v. Hansing, 539 F. 3d 1011, 1016 (9th Cir. 2008).

Under this test, it is plaintiff's burden to meet the first two prongs, and if he fails to do so, then "the jurisdictional inquiry ends and *the case must be dismissed.*" Id. (emphasis added). "[A] defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." Walden, 571 U.S. at 286 (*citing* Rush v. Savchuk, 444 U.S. 320, 332 (1980)). "Due process requires that a defendant be haled into court in a forum State *based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State.*" Walden, 571 U.S. at 286 (internal quotations omitted, emphasis added) (*quoting* Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)).

### 1.   *Plaintiff Fails On The First Two Prongs*

Here, plaintiff completely fails to allege purposeful direction or purposeful availment. Plaintiff might contend that ABOS' granting of board certification to physicians who live and work in California amounts to purposeful direction, and that because this matter arises out of a dispute over re-certification, the first two prongs are met. Such a theory would result in jurisdiction nationwide, and it would be incorrect. A contact between a defendant and a State has "no jurisdictional significance" if it would result in jurisdiction "in all 50 States…". Rush, 444 U.S. at 329-30. ABOS accepts applications for board certification from candidates nationwide, and does not purposefully direct its efforts toward any particular State. *See* Martin Decl., ¶¶ 6-7. That candidates from California – like plaintiff – reach out to ABOS and seek board certification from ABOS does not amount to purposeful availment *by ABOS*. Plaintiff does not (and cannot) allege purposeful direction or purposeful availment, and he certainly cannot allege a relationship between ABOS and California that is *created by ABOS*, which is critical because the relationship between the defendant and the forum State "must arise out of contacts that the defendant *himself* creates with the forum State." Walden, 571 U.S. at 284 (internal

quotation omitted, emphasis in original).

### 2. *Assertion Of Jurisdiction In California Would Be Unreasonable.*

Even if the first two prongs are satisfied, jurisdiction remains improper if it is unreasonable. Burger King Corp., 471 U.S. at 477-78. The Ninth Circuit considers seven factors in determining whether the exercise of jurisdiction would be unreasonable in a particular case. These factors include: (1) the extent of the defendant's purposeful interjection into the forum State's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's home state; (4) the forum State's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to plaintiff's interests in convenient and effective relief; and (7) the existence of an alternative forum.

As discussed above and in the attached Declaration of David F. Martin, M.D., defendant ABOS has done little or nothing to interject itself into the affairs of the State of California. *See* Martin Decl., ¶¶ 6-7. The burden of defending in California would be tremendous to ABOS, as it has *zero* company resources or activities in California (or indeed anywhere close to California) and would be forced to defend from afar. To the extent that plaintiff contends that the ABOS re-certification process is somehow unfair, other States have a far greater interest in adjudicating such a dispute – most significantly the State of Illinois, since most ABOS oral examinations (about which plaintiff complains) are held in Chicago, Illinois. California, on the other hand, has comparatively little interest in adjudicating this dispute, where the defendant has no contacts with the State and none of the facts giving rise to the action occurred in the State. This action will be most efficiently disposed of in a venue that is actually relevant to the facts of this matter. Maintaining venue in California is of little significance to plaintiff's interests, since his claims can be (and should have been) brought in another venue where they can be adjudicated. Finally, there is no dispute that another forum is available – the Northern District of Illinois, where the

1  oral examination in question took place.

2        Plaintiff will presumably argue that board certification is, apparently, a
3  requirement for hospital privileges in many locations, and that this somehow (1)
4  shows purposeful availment and (2) shows a level of importance weighing in favor of
5  adjudicating the matter in California.  Even assuming, *arguendo*, that it is true that
6  board certification holds such a central place in the livelihood of a physician in
7  California, such a fact does not arise from *defendant ABOS' conduct*, as required.
8  Walden, 571 U.S. at 284.  Additionally, the same could arguably be said about other
9  States with greater connection to the facts in this matter, and thus, California (as a
10 forum) gains no ground with such an argument.

11       It would be patently unreasonable to force ABOS to defend itself in California,
12 and thus even if the first two prongs are met, the third prong weighs heavily *against*
13 jurisdiction in California.  To put it as case law does, the exercise of jurisdiction in
14 California would offend traditional notions of fair play and substantial justice.  *See,*
15 *e.g.*, Burger King Corp., 471 U.S. at 477-78.

16 **III.**    **VENUE IS IMRPOPER IN CALIFORNIA, AND EITHER DISMISSAL**
17        **OR TRANSFER IS MANDATORY**.

18       "A civil action may be brought in – (1) a judicial district in which any defendant
19 resides, if all defendants are residents of the State in which the district is located; (2)
20 a judicial district in which a substantial part of the events or omissions giving rise to
21 the claim occurred…; or (3) if there is no district in which an action may otherwise
22 be brought as provided in this section, a judicial district in which any defendant is
23 subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. §
24 1391(b).  Here, ABOS is not a resident of the State of California, so venue is improper
25 under 28 U.S.C. § 1391(b)(1).  Further, none of the events or alleged omissions giving
26 rise to the claim occurred in the State of California, so venue is improper under 28
27 U.S.C. § 1391(b)(2).

28 ///

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also* Fed. R. Civ. P. 12(b)(3).  Since venue is improper in the State of California, dismissal or transfer is *mandatory*.  *See* 28 U.S.C. § 1406(a); *see also* Johnson v. Payless Drug Stores Northwest, Inc., 950 F. 2d 586, 587-88 (9th Cir. 1991).

### A.   The Court Should Dismiss Due To Improper Venue.

If the Court declines to dismiss for lack of personal jurisdiction (discussed above), defendant ABOS contends that it should dismiss due to improper venue pursuant to 28 U.S.C. § 1406(a) and Fed. R. Civ. P. 12(b)(3).

### B.   Alternatively, The Court Should Transfer To Proper Venue.

If the Court finds that it serves the interests of justice, it should transfer this matter to the Northern District of Illinois (Eastern Division – Chicago, Illinois).  As plaintiff's Complaint alleges and as established by the Declaration of David F. Martin, M.D., the events relevant to this matter occurred in Chicago, Illinois.  *See* plaintiff's Complaint, Document 1, Exhibit "A" thereto, ¶ 18; *see also* Martin Decl., ¶ 5.  Indeed, ABOS regularly holds oral examinations of the type that plaintiff complains in Chicago, Illinois, and thus the State of Illinois has an interest in adjudicating the instant dispute.

### IV.   CONCLUSION

As discussed in detail above, there is no proper basis for jurisdiction to be maintained over defendant ABOS in the State of California. Furthermore, even if there were a proper basis for jurisdiction, venue is nevertheless improper in the State of California.  Under either analysis, dismissal is proper.  *See* Fed. R. Civ. P. 12(b)(2) and (3).  However, if the Court declines to dismiss on personal jurisdiction grounds and finds that the interests of justice are served by transfer, this matter should be transferred to the Northern District of Illinois (Eastern Division – Chicago, Illinois), the district in which the events relevant to the instant dispute occurred.

Based on the foregoing, defendant ABOS respectfully requests that the Court dismiss this action in its entirety, or in the alternative, that it transfer this matter to the Northern District of Illinois (Eastern Division – Chicago, Illinois).

DATED: April 29, 2024                    TRESSLER LLP

_____
Corey E. Krueger
Attorneys for Defendant,
AMERICAN BOARD OF
ORTHPAEDIC SURGERY

**DECLARATION OF DAVID F. MARTIN, M.D.**

I, David F. Martin, M.D., declare and state as follows:

1. I am the Executive Director of the AMERICAN BOARD OF ORTHOPAEDIC SURGERY ("ABOS"). I have personal, first-hand knowledge of the facts and circumstances set forth in this declaration, and if called upon to testify to those facts, I could and would do so competently.

2. I have worked as the Executive Director of ABOS for approximately eight (8) years. As the Executive Director, my job duties include promoting activities that support the policy, purpose, and mission of ABOS; communication with candidates; communication with the American Board of Medical Specialties and its other member boards; and communication with the general public. As the Executive Director, I have access to personnel files and payroll records via which I can ascertain where ABOS employees work and where ABOS business activities are carried out. I am based out of ABOS' headquarters located at 400 Silver Cedar Court, Chapel Hill, North Carolina 27514.

3. ABOS was incorporated in the State of Delaware on or about February 8, 1934. As noted above, its headquarters is located at 400 Silver Cedar Court, Chapel Hill, North Carolina 27514.

4. ABOS employs zero (0) employees in the State of California. There are numerous physicians who live and practice in the State of California who hold Board Certification from ABOS, but none are ABOS employees, and none are involved with ABOS business other than to hold Board Certification from ABOS. ABOS has no operations or company resources in the State of California of any kind.

5. ABOS's primary operations and strategic decision-making capabilities originate from its corporate headquarters in Chapel Hill, North Carolina. ABOS holds most oral examination proceedings (including the one at issue in this matter) in Chicago, Illinois.

///

6. ABOS accepts applications for board certification from candidates across the United States. However, ABOS does not purposefully direct its efforts toward any particular State, including California. Candidates reach out to ABOS and seek board certification, not the other way around.

7. No aspect of ABOS operations is specifically directed toward the State of California. To the extent that ABOS engages in any outreach or marketing, these efforts are directed to a nationwide audience, and not to any particular State. ABOS has not made any particular effort to interject itself into the State of California in particular.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 4/29/24

David F. Martin, M.D.
Executive Director
American Board of Orthopaedic Surgery

## **DECLARATION OF COREY E. KRUEGER**

I, Corey E. Krueger, declare and state as follows:

1.      I am an attorney at law duly licensed to practice law before all courts of the State of California and this Court. I am a Partner with the law firm Tressler LLP, counsel of record herein for defendant AMERICAN BOARD OF ORTHOPAEDIC SURGERY ("ABOS"). As the primary handling attorney for this matter, I have personal knowledge of the facts stated herein, and if called upon to testify to them, I could and would do so competently.

2.      On April 16, 2024, I sent e-mail correspondence to plaintiff's counsel to initiate meet and confer regarding the instant motion. A true and correct copy of that e-mail correspondence is attached hereto as Exhibit "A".

3.      On April 19, 2024, plaintiff's counsel responded to my e-mail, stating without discussion that he would not stipulate to transfer of this matter to the correct venue. A true and correct copy of that email correspondence is attached hereto as Exhibit "B". Accordingly, no agreement could be reached on the subject matter of the instant motion.

4.      On April 23, 2024, I performed a search on the State of California Secretary of State website to ascertain whether AMERICAN BOARD OF ORTHOPAEDIC SURGERY is registered to do business in California. My search revealed no results for that entity name. Accordingly, ABOS is not registered to do business in the State of California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 29, 2023

_____
Corey E. Krueger

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2024, a copy of foregoing **DEFENDANT AMERICAN BOARD OF ORTHOPAEDIC SURGERY'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (FED. R. CIV. P. 12(b)(2)), OR IN THE ALTERNATIVE TO DISMISS FOR IMPROPER VENUE (FED. R. CIV. P. 12(b)(3)), OR IN THE ALTERNATIVE, TO TRANSFER VENUE (28 U.S.C. §§ 1391(b)(2) and 1406(a)); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID F. MARTIN, M.D.; DECLARATION OF COREY E. KRUEGER; EXHIBITS** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: April 30, 2024                         TRESSLER LLP

                                              By:   /s/ Corey E. Krueger
                                                    Corey E. Krueger

1
CERTIFICATE OF SERVICE